NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4403
_____

FRANCIENNA B. GRANT,
Appellant

v.

OMNI HEALTH CARE SYSTEMS OF NJ, INC.;
ADVANTAGE REHABILITATION, LLC; RONILDA PULIDO,
individually and in her official capacity as Regional Director
_____

On Appeal from the United States District Court
For the District of New Jersey
(D.C. No. 1:08-cv-00306)
District Judge:  Honorable Renee Marie Bumb
_____

Submitted Under Third Circuit LAR 34.1(a)
April 26, 2011
_____

Before: SLOVITER and GREENAWAY, JR., <u>Circuit Judges</u>, and POLLAK, <u>Senior
District Judge</u><sup>*</sup>

(Opinion filed May 5, 2011)
_____

OPINION
_____

_____

<sup>*</sup> Honorable Louis H. Pollak, District Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

POLLAK, <u>District Judge</u>

Because we write primarily for the parties, who are of course fully familiar with the background of this case, we set forth only the facts and procedural history that are of central relevance to our decision. On January 16, 2008, plaintiff Francienna B. Grant filed a complaint against defendants Omni Health Care Systems of NJ, Inc., Advantage Rehabilitation, LLC, and Ronilda Pulido, asserting a claim for employment discrimination under 42 U.S.C. § 1981 and assorted state common law claims. On August 13, 2009, following a year of discovery characterized by numerous delays, the defendants filed an Order to Show Cause to Compel Discovery, Award Sanctions, Preclude Evidence, and Dismiss Claims for Failure to Prosecute.

The District Court's opinion on the motion, issued on September 24, 2009, described in painstaking detail how plaintiff and (especially) her attorney, Marshall L. Williams, "repeatedly failed to comply with the [Court's] scheduling orders, despite numerous extensions, disregarded the Federal Rules of Procedure and professional conduct, and ignored this Court's many warnings threatening sanctions." App. at 45. Despite finding that "Plaintiff's and her counsel's misconduct in this case warrant dismissal," the District Court, in a spirit of "patience and generosity," declined to dismiss plaintiff's case. *Id.* Instead, the Court gave plaintiff the opportunity to produce all outstanding discovery responses by October 23, 2009, and warned plaintiff and Mr. Williams that "NO FURTHER EXTENSIONS FOR DISCOVERY WILL BE GRANTED FOR ANY REASON WHATSOEVER" and that "FAILURE TO HEED THE COURT'S FINAL WARNING WILL RESULT IN DISMISSAL OF THE CASE."

*Id.* at 48-49 (emphasis in original). The Court also concluded that monetary sanctions against Mr. Williams were warranted, and ordered the defendants to submit a fee application listing all fees and costs incurred as a result of his discovery misconduct. *Id.*

On October 26, 2009, the District Court dismissed plaintiff's complaint with prejudice, finding that plaintiff had not complied with the Court's September 24, 2009 order to produce all outstanding discovery. On May 4, 2010, the District Court issued orders denying plaintiff's motion for reconsideration and partially granting defendants' motion for monetary sanctions against Mr. Williams.

Plaintiff raises two arguments in this appeal. First, plaintiff argues that the District Court abused its discretion by dismissing plaintiff's complaint and imposing sanctions upon Mr. Williams. We will affirm the District Court's September 24, 2009, October 23, 2009, and May 4, 2010 orders for substantially the reasons given by the District Court in its thorough and carefully reasoned opinions, which convincingly demonstrate that dismissal of plaintiff's complaint and the imposition of monetary sanctions against Mr. Williams were warranted under our precedents.

Second, plaintiff argues that the district court erred by "vacat[ing] the Magistrate Judge's referral . . . without good cause and without extraordinary circumstances as required by 28 U.S.C. § 636(c)(4)." Appellant's Br. at 18. This argument borders on the frivolous and will be rejected. There is no evidence that the District Court designated the Magistrate Judge to preside over this case pursuant to Section 636(c), or that the parties

3

ever consented to such a designation.[1]  Instead, the district court docket demonstrates that the Magistrate Judge's rulings were made pursuant to Section 636(b).  During the litigation, the Magistrate Judge issued only non-dispositive orders, such as scheduling orders, while the District Court Judge decided all dispositive motions, such as the motion to dismiss and the motion for summary judgment.[2]  While it is true that in June 2009 the District Court did assume responsibility over all aspects of this case, including discovery, under Section 636(b) the District Court was not required to make any showing

---

[1] Section 636(c) grants magistrate judges full authority "to preside at and enter final judgment in civil trials, including those tried before a jury, upon the written consent of the parties and the special designation of the district court."  *Taberer v. Armstrong World Industries, Inc.*, 954 F.2d 888, 903 (3d Cir. 1992).  Once the parties consent to the designation of a magistrate judge under Section 636(c), the district court may "for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection."  28 U.S.C. § 636(c)(4).

Magistrate judges have more limited authority under Section 636(b).  *See Taberer*, 954 F.2d at 903 (Under Section 636(b), "magistrates may be designated to . . . hear and determine any pretrial matter, except for eight categories of 'dispositive' pretrial matters; and conduct hearings and recommend dispositions with regard to the eight excepted matters.").  Designations under Section 636(b) may be made "without regard to the parties' consent."  *Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429, 438 (3d Cir. 2005).  Unlike Section 636(c), Section 636(b) contains no limitation on a district court's power to resume control over a case that has previously been referred to a magistrate judge.  *See* 28 U.S.C. § 636(b).

[2] The District Court did not enter an order specifying that the Magistrate Judge was being designated to conduct proceedings under Section 636(b).  We have noted that "good practice would indicate that court orders of designation or reference state plainly under what statutory provision the court is proceeding."  *Beazer East*, 412 F.3d at 437 n.10 (internal quotation and alteration omitted).  Nonetheless, the division of labor between the District Court and the Magistrate Judge during the course of the litigation makes it clear that the designation in this case was made pursuant to Section 636(b), not Section 636(c).

4

of good cause or extraordinary circumstances in order to do so. Accordingly, we reject plaintiff's argument that the District Court committed error under Section 636.

For these reasons, we affirm the judgment of the District Court.